**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WHITNEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1402 MTS |
| ) | |
| UNITED STATES CONSTITUTION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Whitney Smith for leave to proceed in this action without prepaying fees or costs. The Court has reviewed the motion and will grant it. Additionally, the Court will dismiss this action because it is frivolous and fails to state a claim upon which relief may be granted.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint if, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff filed her complaint in this action on November 29, 2021. She names the "United States Constitution" as the sole defendant.

Plaintiff avers that the "United States Constitution" is from Washington and has a "Federal" job title.  She states that the issues in this case are "violation of privacy rights, 1st Amendment scope laws [and] I don't want to be under a scope." Plaintiff claims that the federal agencies involved include the Post Office, the U.S. Marshal's Office, Postal Workers, Missouri Cops, National Broadcasters, Missouri Airlines, and the St. Louis Post Dispatch.

She sets forth her allegations in their entirety as follows:

1. I was held hostage under a scope
2. [left blank]
3. St. Louis Missouri
4. Emotional Distress; Acute Manic, PTSD
5. The U.S. Constitution fail to protect my rights they have promoted hate crimes and caused me and my child pain and suffering defamation

2

For her prayer for relief, she writes: "I want me and my child's rights protected. I want the scope removed from my head and wireless devices, and I also want full compensation for both of us." Plaintiff also states that she was "plotted on by these people with hate crimes causing me to lose my house, car, job and children."

## Discussion

While plaintiff may have intended to bring this action pursuant to 42 U.S.C. § 1983, the Court is unable to discern her claims for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out their claims in a simple, concise, and direct manner, and to set forth the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Additionally, it is apparent that plaintiff's allegations are based in delusion and are "clearly baseless" as defined in *Denton*. *See Denton*, 504 U.S. at 33. For these reasons, the Court concludes this action is frivolous and fails to state a claim upon which relief may be granted, and will therefore dismiss it at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of December, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE